#07-4419

ORIGINAL

FILED
DEC 6 2007
U.S. COURT OF FEDERAL CLAIMS

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **WYOMING SAWMILLS, INC., a Wyoming corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | ) | Case No.<br><br>07-861 C |

**COMPLAINT**

1. This case challenges the Forest Service's interpretation of the Wabash Timber Sale Contract provision C8.212# regarding the limits on the duration of a timber sale contract and whether the Wabash Timber Sale purchased by Wyoming Sawmills, Inc. qualifies for a Market Related Contract Term Addition ("MRCTA") that would adjust the contract termination date and defer a $1,066,200 periodic payment. The Forest Service has made a finding of substantial overriding public interest that a prolonged and drastic reduction in wood product prices has triggered MRCTA to add time to the contract termination date of Forest Service timber sale contracts which would also defer the periodic payment. The Forest Service has concluded that the Wyoming Sawmills' Wabash Timber Sale contract does not qualify for MRCTA because the contract is more than 10 years old.

**JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a).

3. Plaintiff challenges a final contracting officer's decision that was made in the contracting officer's March 12, 2004 letter to plaintiff. 41 U.S.C. § 605.

**PARTIES**

4. Plaintiff Wyoming Sawmills, Inc., is a Wyoming corporation with its principal place of business in Sheridan, Wyoming. Wyoming Sawmills operates a lumber mill in Sheridan, and is the largest manufacturing business in Sheridan. The mill produces primarily studs used for new home construction and employs approximately 90 people.

5. Defendant United States acted through the Forest Service ("Forest Service") which is a federal agency within the United States Department of Agriculture. The Forest Service is responsible for management of the National Forests and administering the laws concerning the timber sales sold from the National Forests.

**LEGAL AND FACTUAL BACKGROUND**

6. The Wabash Timber Sale contract has a contract provision for Market Related Contract Term Addition. The contract provision C8.212# provides that "the term of this contract may be adjusted when a drastic reduction of wood products prices has occurred in accordance with 36 CFR 223.52 . . . . The revised contract term may not exceed 10 years as a result of Market-Related Contract Term Addition . . . . When a contract is lengthened as a result of market-related term additions any subsequent periodic payment date shall be determined using the adjustment Termination Date." (sic) C8.212#.

7. The National Forest Management Act of 1976, 16 U.S.C. § 472a(c) sets forth the terms and conditions of timber sale contracts as follows:

> Unless there is a finding by the Secretary of Agriculture that better utilization of the various forest resources . . . will result, sales contracts shall be for a period not to exceed 10 years: *Provided,* that such period may be adjusted at the discretion of the Secretary to provide additional time due to time delays caused by an act of an agent of the United States or by other circumstances beyond the control of the purchaser.

8. In 1978, the Forest Service adopted a regulation, 36 C.F.R. § 223.31, that "sale contracts shall not exceed 10 years in duration . . . unless there is a finding by the Chief, Forest Service, that better utilization of the various forest resources (consistent with the provisions of the Multiple-Use Sustained-Yield Act of 1960) will result."

9. In 1983, Congress enacted the Timber Contract Payment Modification Act in order to retain jobs, preserve competition, to use potential productive capacity of wood products plants, to preserve small communities dependent on a single economic sector, to lessen the impact of unemployment, and to provide a competitive market for future sales of government timber. The Act endorsed a program by the Secretary of Agriculture and Secretary of Interior to provide for the

extension of certain timber sale contracts and requiring the phased harvesting of such extended contracts. 16 U.S.C. § 1618(b).

10. In 1990, the Forest Service adopted the MRCTA regulation which is incorporated into the contract regarding Market Related Contract Term Additions. 36 C.F.R. 223.52. The Federal Register preamble to the regulations explains that "in order to ensure that the retention of a viable established industry capable of supplying wood fiber needs of the public for housing and other products, the Chief of the Forest Service has determined that if there is a drastic reduction in wood product prices sufficient to trigger the market-related contract term addition being adopted by this rule, it would be in the substantial overriding interest to extend the contract terms." 55 Fed. Reg. 50643 (Dec. 7, 1990).

11. The Forest Service further found that "a contract term addition would help avoid financial hardship on purchasers and ensure that the federal government will receive payments due from purchasers by reducing the likelihood of default. Second, by reducing the likelihood of default, a contract term addition would help ensure that receipts to States and counties from timber sales are not adversely affected. Additionally, contract term addition would help promote stability in the wood products industry. This in turn would help ensure community stability, competition, employment, investment, productivity, innovation and the ability of United States-based enterprises to compete with foreign-based enterprises in both domestic and export markets." Id.

12. The MRCTA regulation established a procedure for the Forest Service to review an index for wood products pricing and if the index declines more than 20%, it requires a finding that a drastic reduction in wood products prices has occurred. 36 C.F.R. § 223.52(b)(1) and (2).

13. Significantly, if there is a drastic reduction in wood products prices, then the MRCTA regulation compels the Forest Service to make a finding of substantial overriding public interest to add time to timber sale contract terms. The MRCTA regulation provides "a determination that a drastic reduction in wood products prices, as defined in paragraphs (b)(1) and

(2) of this section, has occurred shall constitute a finding that the substantial overriding public interest justifies the contract term addition." 36 C.F.R. § 223.52(b)(3).

14. Furthermore, the MRCTA regulation provides that "when the Forest Service determines a drastic reduction in wood product prices has occurred after contract award and before contract termination, the Forest Service, upon purchaser's written request, will add 1 year to the contract's term, except as provided in paragraphs (c)(1)-(3) of this section." 36 C.F.R. § 223.52.

15. Under the MRCTA regulation, a contract term addition cannot extend a contract beyond 10 years. The plain language of regulation states that "in no event shall a revised contract term exceed 10 years as a result of a market related contract term addition." 36 C.F.R. § 223.52(c)(3). The regulation does not state that a contract that is already more than ten years old as a result of other circumstances does not qualify for a market related contract term addition.

16. In a letter interpreting the 10-year limitation on the length of contract terms associated with MRCTA, the Forest Service Director of Forest Management stated that sales extended under other authority beyond 10 years in duration, would be ineligible to receive MRCTA unless there was a separate finding of substantial overriding public interest to do so. As set forth below, the Forest Service has made a finding of substantial overriding public interest for MRCTA founded upon the prolonged and drastic decline in wood products prices.

**The Wabash Timber Sale**

17. Wyoming Sawmills purchased the Wabash Timber Sale in 1993 and the contract was awarded on December 10, 1993 with an original termination date of September 30, 1995. The termination date was extended through Contract Term Adjustment ("CTA") under the contract which allows for operations to be delayed under a green sale in order to complete removal of distressed timber in a salvage sale. In addition, in 1998, the contract term was extended for nine months by a Market-Related Term Adjustment to December 10, 2003.

18. Since the Wabash sale was purchased, Wyoming Sawmills also purchased numerous Forest Service salvage sales including the Boyd Blowdown Salvage, Black Butte Salvage, Lick Salvage and Black Hawk Salvage timber sales. These timber sales were designed to

respond to catastrophic windstorm, insect epidemic, and wildfire. All these sales were in need of prompt removal.

19. After completing the 11 million board foot Black Hawk Salvage Sale in October 2001, the Forest Service extended the Wabash Timber Sale Contract termination date from December 10, 2003 to December 20, 2008 which is more than 10 years beyond the Wabash Timber Sale award date of December 10, 1993. This was not an MRCTA extension. The extension of the Wabash Timber Sale was to provide Wyoming Sawmills time to work on the Black Hawk Salvage sale where the timber was in need of urgent removal.

20. In 2006, the Forest Service proposed to eliminate four units from the timber sale that were infested by insects. During the sale operating season in 2006, Wyoming Sawmills removed approximately one-third of 9 million board feet total volume.

21. There remains approximately 6 million board feet to be harvested on the Wabash Timber Sale.

22. During the prolonged depression in the housing market, the Forest Service has made a finding of substantial overriding public interest and concluded that the contracts were eligible for MRCTA, including every calendar quarter in 2007. Wyoming Sawmills requested MRCTA on March 5, 2007. The Forest Service contracting officer denied that request in a letter dated March 12, 2007, stating that "[t]he Wabash sale does not qualify for MRCTA under C8.212-Market-Related Contract Term Addition (5/98) as the contract terms exceeds the 10 years."

23. In a letter dated September 11, 2007, the Regional Forester for Region 2 of the Forest Service also rejected a requested for additional time on the grounds that "the contract will have run for approximately 15 years, which is clearly well beyond any regulatory allowances foreseen in the code of federal regulations that regulation timber sale contracts."

24. MRCTA adjusts the termination date and periodic payment dates in tandem. If the Forest Service provided the MRCTA to which Wyoming Sawmills is entitled to, the Wabash Timber Sale termination date would be adjusted from 2008 to 2011 and the periodic payment deadline would be adjusted from 2007 to 2010.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

25. Plaintiff realleges all preceding paragraphs.

26. The Forest Service has made a finding that due to the prolonged depression in the housing market and a drastic reduction of wood products prices for multiple consecutive quarters, it is in the substantial overriding public interest to grant purchasers additional time to complete timber sale contracts and to adjust the length of the termination dates through a Market-Related Contract Term Addition.

27. The Forest Service has previously extended the Wabash Timber Sale Contract beyond 10 years in length using an extension to facilitate urgent timber removal from other lands.

28. Adding additional time to the Wabash Timber Sale contract termination date would not extend the timber sale contract beyond 10 years as stated in provision C8.212# and the regulations.

29. Consequently, the Forest Service refusal to grant Wyoming Sawmills' Market Related Contract Term Addition for the Wabash Timber Sale because the current contract termination date of 2008 is more than 10 years beyond the 1993 sale award date is a breach of contract provision C8.212# and contrary to the contract regulation, 36 C.F.R. 225.52 which is incorporated into provision C8.212#.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the following:

1. That this Court declare that the Forest Service's has breached the Wabash Timber Sale contract by not granting plaintiff's request for Market Related Contract Term Addition.

2. Order the Forest Service to comply with contract provision C8.212# and grant Wyoming Sawmills Market Related Contract Term Addition.

3. Enter an order awarding plaintiff the costs of litigation, including reasonable attorneys fees.

4. Grant such other and further relief as this Court deems just and equitable, including an award of attorney's fees and costs.

Respectfully submitted this 5th day of December, 2007.

Haglund Kelley Horngren Jones & Wilder LLP

By: ______________________

Scott W. Horngren, OSB 88060
Haglund Kelley Horngren Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Phone: (503) 225-0777
Facsimile: (503) 225-1257
e-mail: horngren@hk-law.com