IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WYOMING SAWMILLS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07-861C |
| UNITED STATES OF AMERICA | ) | (Judge Braden) |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S ANSWER

Defendant, the United States, for its answer to the complaint of plaintiff, Wyoming Sawmills, Inc., admits, denies and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required. To the extent they may be deemed allegations of fact, they are denied. With respect to the allegations contained in the second sentence of paragraph 2 of the complaint, defendant notes that this sentence is ambiguous and unclear. Subject to this observation, the allegations contained in the second sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required. To the extent they may be deemed allegations of fact, they are denied. With respect to the allegations contained in the third sentence, defendant admits that it has concluded that the Wyoming Sawmills' Wabash Timber Sale Contract does not qualify for MRCTA.

2. The allegations contained in paragraph 2 of the complaint constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 of the complaint constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

6. Admits the allegations contained in paragraph 6 of the complaint to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 of the complaint to the extent supported by the Act cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 of the complaint to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Paragraph 9 of the complaint contains conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in the first sentence of paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 10 of the complaint to the extent supported by the Federal Register Notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 of the complaint to the extent supported by the Federal Register Notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in the first sentence of paragraph 13 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 13 of the complaint to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 of the complaint to the extent supported by the regulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 of the complaint are ambiguous and unclear. Subject to this observation, admits the allegations contained in the first sentence of paragraph 16 of the complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 16. The allegations contained in the second sentence of paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegations in the first sentence of paragraph 17 that Wyoming Sawmills purchased the Wabash Timber Sale in 1993 and that the contract was awarded on December 10, 1993. Denies the remaining allegations in sentence one and avers that the original contract termination date was September 30, 1999. Admits the allegation in the second sentence that the termination date was extended through Contract Term Adjustment, but notes that the remaining allegations in sentence two are ambiguous and unclear; subject to this observation, defendant denies the remaining allegations contained in the second sentence for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation in the third sentence of paragraph 17.

18. Admits that Wyoming Sawmills purchased the salvage sales referenced by name in the first sentence of paragraph 18. Defendant notes that the remaining allegations in the first sentence are ambiguous and unclear; subject to this observation, defendant denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second and third sentences of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in the first sentence of paragraph 19 are ambiguous and unclear. Subject to this observation, denies the allegations in the first sentence of paragraph 19. The allegations contained in the second sentence of paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations in the third sentence of paragraph 19.

20. Admits.

21. Admits. Defendant further avers that approximately 5.334 million board feet remains to be harvested on the Wabash Timber Sale.

22. Defendant avers that the first sentence of paragraph 22 is ambiguous and unclear; subject to this observation, denies the allegations contained in the first sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations in the second and third sentences of paragraph 22 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise, denies the allegations.

23. Admits the allegations contained in paragraph 23 of the complaint to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 are ambiguous and unclear; subject to this observation, the allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Defendant incorporates the answers contained in paragraphs 1 through 24 by reference.

26. Defendant avers that the allegations contained in paragraph 26 are ambiguous and unclear; subject to this observation, the allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies.

Defendant denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 29, or to any relief whatsoever.

Defendant denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1. Plaintiff's complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate its damages.

WHEREFORE, defendant requests that the Court dismiss plaintiff's complaint, enter judgment in its favor, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Bryant G. Snee
BRYANT G. SNEE
Deputy Director

/s L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., NW
Washington, D.C. 20530
Tele: (202) 305-3087
Fax: (202) 305-1571

April 4, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 4th day of April, 2008, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/L. Misha Preheim