# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **WYOMING SAWMILLS, INC., a Wyoming corporation**, | Case No. 07-861C (Judge Braden) |
| Plaintiff, | |
| v. | |
| **UNITED STATES OF AMERICA**, | |
| Defendant. | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Wyoming Sawmills asserts jurisdiction pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case and, if so, why?

No.

c. Should the trial of liability and damages be bifurcated and, if so, why?

No.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and, if so, why?

No.

e. Will a remand or suspension be sought and the reasons therefore and the proposed duration?

No.

f. Will additional parties be joined?

No.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

Plaintiff does not expect to file a motion for summary judgment at this time. At this time, the defendant cannot state whether it will file a motion pursuant to Rule 12(b), 12(e) or 56.

h. What are the relevant factual and legal issues?

Plaintiff states:

This case challenges the Forest Service's interpretation of the Wabash Timber Sale contract, a timber sale which was sold by the USDA Forest Service from the Black Hills National Forest in South Dakota. Contract provision C8.212# provides that the contract termination and periodic payment dates may be adjusted when a drastic reduction in wood products prices occurs. However, a market related contract term addition ("MRCTA") may not result in the contract exceeding ten years. Plaintiff maintains that the Wabash Timber Sale contract was extended beyond ten years as a result of a Forest Service agreement that allowed Wyoming Sawmills to harvest timber that was in more need of urgent removal on the Blackhawk salvage timber sale. The extension of the Wabash Timber Sale contract beyond a 10-year term to work on the Blackhawk timber sale contract, did not disqualify the Wabash contract for additional market related contract term additions, if as contract provision C8.212# provides there is "a drastic reduction in wood products prices." Since the Forest Service has made a finding that there is a drastic reduction in wood products prices, the Wabash Timber Sale contract periodic payment and

termination deadline qualify for an additional market related contract term addition. The Forest Service's refusal to add the additional time to the contract is a breach of provision C8.212# and is also contrary to the contract regulation 36 C.F.R. 225.52 which is incorporated into provision C8.212#. As a consequence of the Forest Service breach, the Forest Service is not yet entitled to a $1,066,200 periodic payment.

**Defendant states:**

The timber contract at issue in this case is located in the Black Hills National Forest. The contract was awarded to Wyoming Sawmills on December 10, 1993, with an original termination date of September 30, 1999. However, as a result of five different contract adjustments, the contract is currently scheduled to terminate on December 20, 2008.

The contract has been adjusted as follows:

(1) On January 23, 1996, the termination date was adjusted to August 31, 2000, in order to allow Wyoming Sawmills to harvest timber in urgent need of removal in the Bighorn National Forest;

(2) On September 16, 1996, the termination date was adjusted to August 31, 2001, as a result of a one-year extension granted by the Chief of the Forest Service;

(3) On December 23, 1996, the termination date was adjusted to February 28, 2003, in order to allow Wyoming Sawmills to harvest additional timber in urgent need of removal in the Bighorn National Forest;

(4) On January 6, 1999, the termination date was adjusted to December 10, 2003, as a result of a market-related contract term addition; and

(5) On October 26, 2001, the termination date was adjusted to December 20, 2008, in order to

allow Wyoming Sawmills to harvest timber in urgent need of removal in the Black Hills National Forest.

In March 2007, Wyoming Sawmills requested that an additional two years of market-related contract term adjustment time be added to the contract's term. The Forest Service denied this request based in part on 36 C.F.R. § 223.52(c)(4) and contract provision C8.212. Section 223.52(c)(4) provides that "[i]n no event shall a revised contract term exceed 10 years as a result of market-related contract term additions." This language is incorporated into contract provision C8.212.

Because the contract is not eligible for any additional market-related contract term addition under section 223.52(c)(4) and provision C8.212, there is no basis for changing Wyoming Sawmills' periodic payment due date. Under provision C8.212, the date the periodic payment is due may only be changed when a market-related contract term addition is granted. Because the contract is not eligible for such an addition, the contract cannot be modified under C8.212 to delay the periodic payment.

After the Forest Service denied the request for a market-related contract term addition, Wyoming Sawmills breached the contract by failing to make the required periodic payment. The plaintiff was notified of its breach in accordance with the contract's terms. Wyoming Sawmills has not remedied its breach of contract.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

It is possible this case may be settled. At this time, the parties do not contemplate using alternative dispute resolution.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon motions for summary judgment, through ADR, or that the case does not settle, the parties anticipate proceeding to trial. Neither party requests an expedited trial schedule. The parties request Sheridan, Wyoming as the place for trial.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

Discovery Plan:

Plaintiff intends to engage in discovery including how contract provision C8.212# has been interpreted on other timber sale contracts that are ten years or older, and how the Forest Service has determined whether there has been "a drastic reduction of wood products prices" as provided under the contract. Plaintiff anticipates this discovery will occur through requests for production of documents and interrogatories and possibly some depositions.

The parties propose the following discovery deadlines:

| Event | Proposed Deadline |
|---|---|
| Initial disclosures | October 24, 2008 |
| Close of non-expert discovery | January 30, 2009 |
| Designation of experts | February 27, 2009 |
| Expert report(s) | April 30, 2009 |
| Close of expert discovery, including depositions | May 29, 2009 |

RESPECTFULLY SUBMITTED,

GREGORY G. KATSAS
Assistant Attorney General

Jeanne E. Davidson
Director

/s Bryant G. Snee
Bryant G. Snee
Deputy Director

/s L. Misha Preheim
L. Misha Preheim
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit - 8th Floor
1100 L Street, NW
Washington, DC 20530
Phone: (202) 305-3087
Fax: (202: 305-1571

Attorneys for Defendant

Date: September 4, 2008

/s Scott W. Horngren
Scott W. Horngren
Haglund Kelley Horngren Jones & Wilder LLP
101 SW Main, Suite 1800
Portland, OR 97204
Phone: (503) 225-0777
Fax: (503) 225-1257

Attorney for Plaintiff

Date: September 4, _, 2008

CERTIFICATE OF FILING

I hereby certify that on the 4th day of September, 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Scott W. Horngren
Scott W. Horngren OSB No. 88060
Attorney for Plaintiff