# In the United States Court of Federal Claims

No. 07-861C
Filed: August 26, 2010
**TO BE PUBLISHED**

| | | |
|---|---|---|
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |
| | \* | |
| | \* | |
| WYOMING SAWMILLS, INC., | \* | Motion For Summary Judgment, |
| | \* |    RCFC 56(c); |
| Plaintiff, | \* | National Forest Management Act of 1976, |
| | \* |    16 U.S.C. § 472a; |
| v. | \* | 36 C.F.R. § 223.52(a)(1), (b)(2), (b)(3), (c). |
| | \* | |
| THE UNITED STATES, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |

**Scott William Horngren**, Haglund Kelley Horngren Jones & Wilder, LLP, Portland, Oregon, Counsel for Plaintiff.

**Loren Misha Preheim**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for Defendant.

### MEMORANDUM OPINION AND FINAL ORDER

**Braden,** *Judge*.

On November 30, 2009, the court issued a Memorandum Opinion And Order that stayed this case for six months to afford Plaintiff the opportunity to petition the Secretary of Agriculture for an extension of Wabash Timber Sale Contract No. 003876 ("the Timber Sale Contract"). *See Wyoming Sawmills* v. *United States*, 90 Fed. Cl. 149, 160-61 (2009).

On June 21, 2010, the parties advised the court that Plaintiff declined to pursue administrative remedies or had not been able to reach a settlement, so the case is ripe for a decision on the merits of the parties' cross-motions for summary judgment.

On June 30, 2010, the court issued an order lifting the stay and indicating that a decision on the merits would be forthcoming. Order, *Wyoming Sawmills* v. *United States*, No. 07-861C (Fed. Cl. June 30, 2010).

I.      RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

        A brief review of the court's November 30, 2009 Memorandum Opinion And Order is required.

        The National Forest Management Act of 1976 ("NFMA") sets forth the terms and conditions under which the Forest Service may issue a contract to harvest timber from federal forest resources. *See* 16 U.S.C. § 472a. Section 472a(c) of the NFMA provides:

> Unless there is a finding by the Secretary of Agriculture that better utilization of the various forest resources (consistent with the provisions of the Multiple-Use Sustained-Yield Act of 1960 [16 U.S.C. §§ 528-531]) will result, *sales contracts shall be for a period not to exceed ten years: Provided, That such period may be adjusted at the discretion of the Secretary* to provide additional time due to time delays caused by an act of an agent of the United States or by other circumstances beyond the control of the purchaser. . . . The Secretary shall not extend any contract period with an original term of two years or more unless he finds (A) that the purchaser has diligently performed in accordance with an approved plan of operation or (B) that the substantial overriding public interest justifies the extension.

16 U.S.C. § 472a(c) (emphasis added).

        The Forest Service also is authorized to grant a Contract Term Adjustment ("CTA") or a Market-Related Contract Term Adjustment ("MRCTA") under certain circumstances. *See Wyoming Sawmills*, 90 Fed. Cl. at 149. A CTA may be issued for such reasons as the purchaser experiencing delay in starting scheduled operations due to causes beyond the purchaser's control, or the need to accelerate the removal of distressed timber. *Id.* When a CTA is issued, the purchaser is afforded more time to make payment and the contract termination date is extended. *Id.* Likewise, a MRCTA may be granted when the Chief of the Forest Service determines that "adverse wood products market conditions have resulted in a drastic reduction in wood product prices applicable to the sale[,]" and the purchaser makes a written request for additional time to perform. 36 C.F.R. § 223.52(a)(1). For any contract that has been awarded and has not been terminated, the Forest Service will "add 1 year to the contract's terms . . . [however, *in*] *no event shall a revised contract term exceed 10 years as a result*" of a MRCTA. 36 C.F.R. § 223.52(c) (emphasis added).

        On December 10, 1993, Wyoming Sawmills, Inc. ("Plaintiff")[1] entered into the Timber Sale Contract with the Forest Service, that allowed Plaintiff to harvest certain timber in the Black Hills National Forest in South Dakota. *See Wyoming Sawmills*, 90 Fed. Cl. at 150. The Timber Sale Contract had a termination date of September 30, 1999, but a periodic payment schedule was established that required Plaintiff to pay the Forest Service one-third of the value of the Contract by September 4, 1997, and a second and final payment of two-thirds on September 4,

_____

[1] Plaintiff operates a lumber mill in Sheridan, Wyoming, primarily producing studs used in new home construction. *See Wyoming Sawmills*, 90 Fed. Cl. at 150.

1998.  *Id.* at 150-51.  Plaintiff made the first payment, however, Plaintiff has not harvested a sufficient amount of timber to date to make the second and final payment.  *Id.* at 151.

The Timber Sale Contract was modified on six occasions, with the last extension granted by a third CTA on October 26, 2001, to extend the termination date to December 20, 2008.  *Id.* at 151-52.  On March 5, 2007, Plaintiff requested a two-year MRCTA extension, from December 20, 2008.  *Id.* at 152.  On March 12, 2007, the Forest Service denied Plaintiff's request, because the Timber Sale Contract provided that: "[t]he revised contract term may not exceed 10 years as a result of [a] market-related contract term addition."  *Id.*  The Forest Service concluded that the Contract did not qualify for another MRCTA extension, because the Contract was almost 15 years old.  *Id.*  On March 30, 2007, Plaintiff requested reconsideration of this decision and on April 2, 2007, Plaintiff's request was denied, because the Forest Service determined that the Contract no longer qualified for a MRCTA, "as the contract term exceeds 10 years."  *Id.*

On August 9, 2007, Plaintiff wrote a letter to the Regional Forester (Region 2), requesting a "finding of substantial overriding public interest[,]" because the Timber Sale Contract provided that the term "may be adjusted when a drastic reduction in wood product prices has occurred in accordance with 36 CFR 223.52."  *Id.*  This proposed adjustment would extend the termination date of the Contract from December 20, 2008 to March 20, 2011 and defer Plaintiff's obligation to make the periodic payment of $1,066,200 due on November 14, 2007 until November 14, 2010.  *Id.*  On September 11, 2007, the Regional Forester (Region 2) denied Plaintiff's August 9, 2007 request for another adjustment, because: "by the time the sale terminates in December 2008, the contract will have run for approximately 15 years, which is clearly beyond any regulatory allowances foreseen in the Code of Federal Regulations that regulate timber sale contracts."  *Id.*

On December 6, 2007, Plaintiff filed a Complaint in the United States Court of Federal Claims ("Compl."), alleging that the Forest Service's refusal to grant another MRCTA extension was a "breach of contract provision C8.212#[2] and contrary to . . . 36 C.F.R. 22[3].52 . . . [that is] incorporated into provision C8.212#."  Compl. ¶¶ 1, 29.

On December 9, 2008, Plaintiff filed a Motion To Amend [the December 6, 2007] Complaint and a Motion For Preliminary Injunction.  On December 23, 2008, the Government filed a Response.  On January 7, 2009, Plaintiff filed a Reply.  On January 7, 2009 and January 15, 2009, the court convened telephone conferences to discuss the pending motions.  On February 5, 2009, the parties entered into a Stipulation and Plaintiff withdrew the December 9, 2008 Motions ("2/5/09 Stip.").[3]

----

[2] Contract provision C8.212# provides, in relevant part: "The revised contract term may not exceed 10 years as a result of [a] market-related contract term addition."  Pl. Ex. C at 4.

[3] In surveying the sale area, the Forest Service determined that certain units within the Wabash Timber Sale area contained timber in urgent need of removal.  Gov't Ex. 2.  Although Plaintiff initially filed a preliminary injunction to block the removal, subsequently, Plaintiff agreed to allow the Forest Service to proceed with the removal and sale of the relevant Wabash Timber Sale units, without prejudicing the parties' litigation positions in this case.  2/5/09 Stip. at ¶¶ 1-5.

On December 20, 2008, the Government terminated the Timber Sale Contract, because Plaintiff failed to make the periodic payment of $1,066,200 due on November 14, 2007. *Wyoming Sawmills*, 90 Fed. Cl. at 153.

On February 19, 2009, the court convened a hearing in Denver, Colorado.

On March 30, 2009, the court entered a scheduling order for the filing of cross-motions for summary judgment. Order, *Wyoming Sawmills* v. *United States*, No. 07-861C (Fed. Cl. Mar. 30, 2009). On April 24, 2009, Plaintiff filed a Motion For Summary Judgment ("Pl. Mot. S.J."). On June 2, 2009, the Government filed a Cross-Motion For Summary Judgment And Opposition To Plaintiff's Motion For Summary Judgment ("Gov't Mot. S.J. & Opp."). On June 30, 2009, Plaintiff filed a Response To The Government's Motion For Summary Judgment And Reply In Support Of Plaintiff's Motion For Summary Judgment ("Pl. Resp. & Reply"). On August 14, 2009, the Government filed a Reply ("Gov't Reply").

## II.     THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT.

### A.     Standard For Decision On A Motion For Summary Judgment.

On a motion for summary judgment, if there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. *See Yant* v. *United States*, 588 F.3d 1369, 1371 (Fed. Cir. 2009) ("Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see also* RCFC 56(c). Only genuine disputes as to material facts that might affect the outcome of the suit will preclude entry of summary judgment. *See Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. . . . That is, while the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). The existence of "some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Id.* at 247-48. Therefore, to avoid summary judgment, the nonmoving party must put forth evidence sufficient for a reasonable fact-finder to return a verdict for that party. *Id.* at 248-50 (citations omitted).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 325 (1986) (holding the moving party must meet its burden "by 'showing' -- that is, pointing out to the [trial court] -- that there is an absence of evidence to support the nonmoving party's case"); *see also Riley & Ephriam Constr. Co.* v. *United States*, 408 F.3d 1369, 1371 (Fed. Cir. 2005) ("The moving party bears the burden of demonstrating the absence of a genuine issue of material fact."). Once the moving party demonstrates the absence of a genuine issue of material fact, however, the burden shifts to the nonmoving party to show the existence of a genuine issue for trial. *See M. Maropakis Carpentry, Inc.* v. *United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) ("In the [United States] Court of Federal Claims, once the moving party comes forward with evidence

satisfying its initial burden on a motion for summary judgment, the party opposing the motion must present evidence creating a genuine issue of material fact.").

A trial court is required to resolve all doubt over factual issues in favor of the nonmoving party. *See Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 587 (1987). All reasonable inferences and presumptions must be resolved in favor of the nonmoving party. *See Anderson*, 477 U.S. at 255; *see also Yant*, 588 F.3d at 1371 ("When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor").

**B.     The Parties' Arguments.**

**1.     Plaintiff's April 24, 2009 Motion For Summary Judgment.**

On April 24, 2009, Plaintiff moved for summary judgment, because the Forest Service's decision that the Wabash Timber Sale Contract did not qualify for a MRCTA is a breach of contract and contrary to 36 C.F.R. § 223.52. Pl. Mot. S.J. at 13. The conditions necessary to trigger Timber Sale Contract provision C8.212# were met, because in two consecutive qualifying quarters in 2007, the Forest Service found there was a "drastic reduction" in wood prices. Pl. Ex. C at 4. As such, the Chief of the Forest Service should have determined that a "substantial overriding public interest" justified a "contract term addition," under 36 C.F.R. § 223.52(b)(2). Pl. Mot. S.J. at 13. In addition, the fact that the Timber Sale Contract's termination date exceeded ten years when a MRCTA was requested does not disqualify the Contract from being eligible for another MRCTA. *Id.* at 8-9. The NFMA does not set an absolute limit on contract length, since the Secretary of Agriculture can extend contracts beyond ten years after a determination "that better utilization of forest resources" would result. 16 U.S.C. § 472a(c).

Plaintiff also argues that ten years is not an absolute limit on contract length, because 36 C.F.R. § 223.52(c)(4) only prohibits adjustment of a contract termination date beyond ten years "as a result of" a MRCTA, however, in this case, the Timber Sale Contract as of an October 26, 2001 CTA extension was already extended beyond ten years. Pl. Mot. S.J. at 10-11. Moreover, the Timber Sale Contract initially was extended beyond ten years specifically to accommodate the Forest Service's need to harvest for a salvage sale. *Id.* at 11. As such, the Forest Service extended the Contract beyond ten years "as a result of" the salvage sale, and not a MRCTA extension. *Id.* The MRCTA provision at issue does not state, "in no event may the [C]ontract exceed ten years," -- an interpretation the Contracting Officer gave the regulation. *Id.* at 12. For this reason, Plaintiff's request for a MRCTA, at the time when the Timber Sale Contract already exceeded ten years, was entirely consistent with the "plain and unambiguously expressed terms of the contract or regulation." *Id.*

**2.     The Government's June 2, 2009 Cross-Motion And Opposition.**

The Government's cross-motion for summary judgment argues that the Timber Sale Contract did not qualify for a MRCTA, since ten years had expired when Plaintiff requested an extension. Gov't Mot. S.J. & Opp. at 1, 9. Contract provision C8.212# provides that "[t]he revised contract term may not exceed 10 years as a result of market-related contract term

addition" and the only reasonable interpretation of this language is that a contract that has exceeded ten years is not eligible for a MRCTA. *Id.* at 10. Accordingly, Plaintiff properly received only a nine-month MRCTA extension in 1999, that resulted in the Timber Sale Contract reaching precisely ten years. *Id.* Plaintiff argues that the ten-year limitation does not apply to contracts that already have been extended beyond that time, which is inconsistent with the plain meaning of contract provision C8.212#. *Id.* Therefore, Plaintiff's interpretation "fails to recognize that there may be many causes of the [Contract] exceeding 10 years," and the fact that one extension may result in the Contract exceeding ten years does not mean that another extension cannot also cause the Contract to exceed ten years as well. *Id.*

The Forest Service may grant a MRCTA extension when a drastic reduction in wood prices occurs and there is a finding of substantial overriding public interest. 36 C.F.R. § 223.52(b)(3). Contracts with a term of ten years or more, however, are not eligible for a MRCTA. 36 C.F.R. § 223.52(c)(5) ("In no event shall a revised contract term exceed 10 years as a result of market-related contract term additions."). There also is a general prohibition against extending contracts beyond ten years. 36 C.F.R. § 223.31 ("Sale contracts shall not exceed 10 years in duration, unless there is a finding by the Chief, Forest Service, that better utilization of the various forest resources . . . will result."). These regulations are consistent with the NFMA, that "limits the Forest Service's authority to extend timber sale contracts beyond 10 years." Gov't Mot. S.J. & Opp. at 11-12.

The Government further argues that, regardless of the ten-year limitation, Plaintiff is prohibited from receiving an extension, because the Secretary of Agriculture never found that granting Plaintiff a MRCTA extension would result in better utilization of the various forest resources. *Id.* at 12-13. Here, Plaintiff overlooks the fact that the Timber Sale Contract would have expired many years ago, if the Forest Service had not granted Plaintiff other extensions. *Id.* at 13. Therefore, if Plaintiff's ill-advised position is adopted, it could force the Forest Service to "refuse[] to grant timber purchasers other, non-MRCTA, extensions," because an extension beyond ten years could be construed as a waiver of the MRCTA's ten-year limitation. *Id.*

Finally, the Government contends that contract provision C8.212# prohibits extensions when timber is in urgent need of removal, or when the Contracting Officer concludes that timber or resource damage will result from delayed contract performance. *Id.* In this case, the Contracting Officer concluded that granting Plaintiff's request for a MRCTA would result in unacceptable timber deterioration and resource damage from continued insect activity, as certain timber was in urgent need of removal. *Id.* at 14-15.

### 3.   Plaintiff's June 30, 2009 Response And Reply.

Plaintiff responds that the plain meaning of the Timber Sale Contract provides that, if the contract is extended beyond ten years for a "legitimate reason" for the benefit of the Forest Service, the purchaser would not be penalized, if market conditions deteriorated during that period. Pl. Resp. & Reply at 8. The ten-year term in the Contract is modified by the phrase "as a result of MRCTA," so that both phrases read together mean that "the later events do not 'cause' the 10 year threshold to be exceeded a second time." *Id.* at 9. Therefore, the plain meaning of contract provision C8.212# is that the Timber Sale Contract cannot exceed ten years as a result of

MRCTA, not that if the Contract exceeds ten years for other reasons, a MRCTA may not be granted. *Id.*

Next, Plaintiff responds that the required overriding public interest finding is "made automatically when there is a prolonged and drastic decline in wood products prices." *Id.* at 10. In 2007, when Plaintiff made the MRCTA request, the Forest Service found that there was a drastic decline in wood product prices, because the index for wood product prices had fallen significantly for at least two consecutive quarters. *Id.* Therefore, all of the conditions required for issuance of a MRCTA had occurred. *Id.*

In addition, to the extent that contract provision C8.212# contains a latent ambiguity, it should be construed against the Government. *Id.* at 14. In this case, the Timber Sale Contract was extended ten years beyond the initial term by CTA extensions for the benefit of the Government, not because of a MRCTA extension. *Id.* at 16. For this reason, if the court accepts the Government's interpretation, the contract term regarding MRCTA extensions, either renders the phrase "as a result of" meaningless or contains a latent ambiguity. *Id.* at 16-17. The Government could have drafted the Timber Sale Contract differently if it wanted to establish an absolute ten-year ceiling. *Id.* at 17.

Finally, insect activity in the sale area does not affect the interpretation of the Timber Sale Contract and is not a valid basis to deny Plaintiff's MRCTA request. *Id.* at 19.

### 4.      The Government's August 14, 2009 Reply.

The Government replies that the plain and ordinary meaning of contract provision C8.212# prohibits Plaintiff from receiving any extension, if the Timber Sale Contract is more than ten years old. Gov't Reply at 1. Plaintiff is prohibited from receiving an extension for three reasons: (1) the Timber Sale Contract cannot extend beyond ten years as a result of a MRCTA extension; (2) portions of the Timber Sale Contract concerned timber in urgent need of removal that are not eligible for a MRCTA extension; and (3) a MRCTA extension cannot be granted when the contracting officer concludes that timber is in urgent need of removal or resource damage will result from delayed contract performance. *Id.* The only reasonable interpretation of provision C8.212# of the Timber Sale Contract is that the "revised contract term may not exceed 10 years as a result of [a] market-related contract term addition," so that a contract with a term of ten years is not eligible for a MRCTA extension. *Id.* at 2. Under Plaintiff's interpretation, any extension beyond ten years renders the initial term void, so that future extensions are allowed. *Id.* at 5.

Forest Service regulations, however, do not compel the Government to grant Plaintiff the requested two-year MRCTA extension. *Id.* at 6. Plaintiff ignores 36 C.F.R. § 223.52(c)(5), that provides that a revised contract term cannot exceed ten years as a result of market-related contract term additions. *Id.* In addition, 36 C.F.R. § 223.31 requires that sale contracts cannot exceed ten years, unless the Chief of the Forest Service finds that better utilization of forest resources will result. *Id.* In this case, the Chief has not made that finding. *Id.* at 7.

Finally, the Contracting Officer determined that granting Plaintiff a MRCTA extension would result in unacceptable timber deterioration and resource damage from continued insect activity and that several units were in urgent need of removal. *Id.* at 9.

### C.      The Court's Resolution.

The December 6, 2007 Complaint alleges that the Forest Service's refusal to grant Plaintiff a MRCTA extension is a breach of the Timber Sale Contract and violates 36 C.F.R. § 223.52. Compl. ¶ 29.  The relevant contract provision, C8.212#, provides, "[t]he revised contract term may not exceed 10 years as a result of [a] market-related contract term addition." *Wyoming Sawmills*, 90 Fed. Cl. at 159 (citing Pl. Ex. C at 4).  The plain and ordinary meaning of this language is that the Timber Sale Contract was not eligible for a MRCTA extension since ten years had expired.  On January 6, 1999, Plaintiff received a MRCTA extension until December 10, 2003, that increased the Contract's length to ten years. *Id.* at 151.  Plaintiff received only a nine month extension, due to the ten-year limitation. Gov't Mot. S.J. & Opp. at 10 (citing Gov't Ex. 5).  On March 5, 2007, 13 years after the Timber Sale Contract was signed, Plaintiff requested a two-year extension, beginning on December 20, 2008. *Id.* at 152.  On March 12, 2007, however, the Forest Service denied Plaintiff's request, because of the ten-year limitation. *Id.*

Forest Service regulations, incorporated into the Timber Sale Contract, also compel the conclusion that the Contract is not eligible for another MRCTA extension.  The Forest Service may grant a MRCTA, when the Chief of the Forest Service determines that "adverse wood products market conditions have resulted in a drastic reduction in wood product prices applicable to the sale[,]" and the purchaser makes a written request for additional time to perform.  36 C.F.R. § 223.52(a)(1).  For any contract that has been awarded and not terminated, the Forest Service will "add 1 year to the contract's terms . . . [however, *in*] *no event shall a revised contract term exceed 10 years as a result*" of a MRCTA.  36 C.F.R. § 223.52(c) (emphasis added).  This language mirrors the language of contract provision C8.212# and clearly indicates that the Timber Sale Contract is not eligible for a MRCTA.  Although the Contract is already over ten years old, a further two-year MRCTA extension would cause the "revised contract term to exceed 10 years." 36 C.F.R. § 223.52(c).

In addition, Forest Service regulations contain a general prohibition against extending contracts beyond ten years.  36 C.F.R. § 223.31 ("Sale contracts shall not exceed 10 years in duration, unless there is a finding by the Chief, Forest Service, that better utilization of the various forest resources . . . will result.").  Plaintiff argues that the conditions necessary to trigger contract provision C8.212# were met, because in two consecutive qualifying quarters in 2007, the Forest Service found there was a "drastic reduction" in wood prices. Pl. Mot. S.J. at 9.  As such, the Chief of the Forest Service should have determined that a "substantial overriding public interest" justified a "contract term addition," under 36 C.F.R. § 223.52(b)(2). *Id.*  The Chief of the Forest Service, however, did not make that determination. 36 C.F.R. § 223.52(c)(5).

The National Forest Management Act also authorizes the Secretary of Agriculture to extend timber contracts. *See* 16 U.S.C. § 472a(c) ("Unless there is a finding by the Secretary of Agriculture that better utilization of the various forest resources . . . will result, sales contracts

shall be for a period not to exceed ten years.").  The Government never contested that the Timber Sale Contract could be extended, if the Secretary of Agriculture determined that "better utilization of . . . forest resources will result and if there was a finding of substantial overriding public interest."  Gov't Mot. S.J. & Opp. at 13.  The court's November 30, 2009 Memorandum Opinion And Order afforded Plaintiff the opportunity to petition the Secretary for such a finding.  *See Wyoming Sawmills*, 90 Fed. Cl. at 160-61.  Plaintiff, however, declined to take advantage of that opportunity.

Accordingly, the court has determined that the Timber Sale Contract was not eligible for a MRCTA extension at the time of Plaintiff's March 5, 2007 request[4] and that the Government is entitled to judgment as a matter of law.  *Yant*, 588 F.3d at 1371.

## III.    CONCLUSION.

For the foregoing reasons, Plaintiff's April 24, 2009 Motion For Summary Judgment is denied.  The Government's June 2, 2010 Cross-Motion For Summary Judgment is granted.  The Clerk of the United States Court of Federal Claims is directed to enter judgment in favor of the Government.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

[4] The court need not address the Government's alternative argument that contract provision C8.212# also prohibits extensions when timber is in urgent need of removal, as well as when the Contracting Officer concludes that timber or resource damage will result from delayed contract performance.  Gov't Mot. S.J. & Opp. at 13-15.